IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MPACT BEVERAGE SOLUTIONS, LLC and STACKED WINES, LLC., <br> *Plaintiffs*, <br><br> v. <br><br> BUZZBALLS, LLC, <br> *Defendant*. | C.A. No. 1:25-cv-01219-UNA <br><br> **DEMAND FOR JURY** |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs MPact Beverage Solutions, LLC and Stacked Wines, LLC (collectively "Plaintiffs") bring this action for declaratory judgment of patent non-infringement against Defendant BuzzBallz, LLC ("BuzzBallz"). Plaintiffs allege as follows:

### NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement of U.S. Design Patent No. D1,080,384 (the "'384 Patent" attached as **Exhibit 1**) against BuzzBallz, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and for other relief the Court deems just and proper. BuzzBallz claims that it is the owner and assignee of the Asserted Patent.

2. Plaintiffs request this relief because BuzzBallz, through counsel, sent Plaintiff MPact a demand letter on September 19, 2025 (the "Demand Letter") accusing Plaintiffs' MPact MAX High ABV Ready-To-Drink Cocktail containers of infringing claim 1 of the '384 Patent and attaching infringement charts that purportedly map the accused containers to the claimed design of the '384 Patent. A true and correct copy of BuzzBallz's Demand Letter and accompanying infringement charts is attached as **Exhibit 2**. BuzzBallz demands, among other things, that Plaintiffs "[i]mmediately and permanently cease and desist from manufacturing,

using, importing, marketing, selling, and offering to sell the Infringing Containers in any jurisdiction." (Exhibit 2 at 2.) The Demand Letter further states that BuzzBallz "hereby put you on notice of your duty to preserve all documents and records, whether print or electronic, relating in any way to the above-referenced claims." (Exhibit 2 at 3.)

3. In its Demand Letter, BuzzBallz further states that, "[d]ue to the urgency of this matter, it is imperative that by October 1, 2025, MPact comply with the above demands and provide me with written verification of your compliance. Should you fail to do so, BuzzBallz is prepared to ***pursue prompt legal action for patent infringement***, seeking injunctive relief, monetary damages, costs, and attorneys' fees." (Exhibit 2 at 3 (emphasis added).) BuzzBallz has a demonstrated history of enforcing patents either related to or in the same family as the '384 Patent against competitors before or shortly after the sale of competing canisters in the United States. *See, e.g.*, *BuzzBallz, LLC v. MPL Brands NV, Inc. d/b/a Patco Brands*, Case No. 1:23-cv-01115 (W.D. Tex. Sept. 15, 2023) (asserting U.S. Patent No. 11,738,904); *Buzzballz, LLC v. MPL Brands NV, Inc.*, Case No. 5:24-cv-04412 (N.D. Cal. Mar. 20, 2024) (asserting U.S. Patent No. 11,932,441); *BuzzBallz, LLC v. MPL Brands NV, Inc. d/b/a Patco Brands*, Case No. 2:24-cv-00548 (D. Nev. Mar. 20, 2024) (asserting U.S. Patent No. 11,932,441); *BuzzBallz, LLC v. The Beverage Ranch, LLC*, Case No. 5:24-cv-00692 (W.D. Tex. June 21, 2024) (asserting U.S. Patent Nos. 11,338,955 and 12,037,162).

4. Plaintiffs dispute BuzzBallz's allegations of infringement. An analysis and review of the '384 Patent and the infringement charts BuzzBallz attached to its Demand Letter reveal that BuzzBallz's infringement claims are baseless and without merit.

5. Based on the foregoing, an actual and justiciable controversy therefore exists under 28 U.S.C. §§ 2201-2022 between Plaintiffs and BuzzBallz as to whether Plaintiffs are infringing or have infringed the '384 Patent.

6. Plaintiffs seek a declaratory judgment that Plaintiffs' products, including at least the Accused Containers, do not infringe the '384 Patent.

## THE PARTIES

7. Plaintiff MPact Beverage Solutions, LLC is incorporated under the laws of Texas and has its principal place of business at 13121 Louetta Road #1500, Cypress, Texas 77429.

8. Plaintiff Stacked Wines, LLC is incorporated under the laws of California and has its principal place of business at 3019 Ocean Park Blvd. #615, Santa Monica, California 90405.

9. Defendant BuzzBallz, LLC is incorporated under the laws of Delaware and has its principal place of business at 2114 McDaniel Drive, Carrollton, Texas 75006. BuzzBallz may be served with process through its registered agent, The Corporation Services Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Upon information and belief, Defendant BuzzBallz is the assignee of the '384 Patent, and has the right to recover for past, present, and future infringement of the same.

## JURISDICTION AND VENUE

10. Plaintiffs file this complaint pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the federal courts of the United States, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. §§ 1-390.

11. This Court has subject matter jurisdiction over this action, which arises under the United States' patent laws, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

12. This Court has personal jurisdiction over BuzzBallz because it is incorporated (*i.e.*, resides) in Delaware and has availed itself of the rights and benefits of the laws of Delaware.

13. Venue is proper in this District under 28 U.S.C. § 1391(b) because BuzzBallz is subject to personal jurisdiction in this judicial district.

### COUNT I
### (Declaration Of Non-Infringement '384 Patent)

14. Plaintiffs incorporate the allegations in paragraphs 1 through 13 as if fully set forth herein.

15. BuzzBallz has alleged and continues to allege that Plaintiffs' products, including at least the MPact MAX High ABV Ready-To-Drink Cocktails (the "Accused Containers"), infringe the '384 Patent.

16. Plaintiffs do not make, use, offer for sale, or import any product, including the Accused Containers, that infringes, induces, or contributes to any infringement of, any claim of the '384 Patent either literally or under the doctrine of equivalents.

17. As described in the preceding paragraphs, a controversy of sufficient immediacy and reality exists that warrants the issuance of a declaratory judgment of non-infringement.

18. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain its rights regarding the Accused Containers and the '384 Patent.

19. The Court should enter a declaratory judgment that Plaintiffs have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of the '384 Patent under 35 U.S.C. § 271.

## RESERVATION OF RIGHTS

Plaintiffs hereby reserve their rights to supplement this pleading with additional claims as discovery proceeds in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and grant the following relief:

1. A declaration that Plaintiffs do not infringe directly, contributorily, or by inducement, literally or under the doctrine of equivalents, any claim of U.S. Design Patent No. D1,080,384;

2. An award of costs, expenses, and attorneys' fees to Plaintiffs; and

3. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs respectfully demand a trial by jury on all issues properly triable to a jury in this action.

| | |
|---|---|
| DATED: October 1, 2025 | BAYARD, P.A. |
| | /s/ Stephen B. Brauerman |
| OF COUNSEL | Stephen B. Brauerman (No. 4952) |
| | Ronald P. Golden, III (No. 6254) |
| Ehsun Forghany (*pro hac vice* forthcoming) | 600 N. King Street, Suite 400 |
| Amar S. Naik (*pro hac vice* forthcoming) | P.O. Box 25130 |
| ARENTFOX SCHIFF LLP | Wilmington, DE 19899 |
| 44 Montgomery Street, | T: (302) 658-6395 |
| 38th Floor | sbrauerman@bayardlaw.com |
| San Francisco, CA 94104 | rgolden@bayardlaw.com |
| T: (415) 757-5500 | |
| ehsun.forghany@afslaw.com | *Attorneys for Plaintiffs MPACT BEVERAGE SOLUTIONS, LLC and STACKED WINES, LLC* |
| amar.naik@afslaw.com | |