**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MPACT BEVERAGE SOLUTIONS, LLC and STACKED WINES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BUZZBALLZ, LLC,<br><br>Defendant. | ) | C.A. No. 25-1219-JLH |

## MEMORANDUM ORDER

Pending before the Court is Defendant's Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Jurisdiction Over the Subject Matter and for Failure to State a Claim. (D.I. 15.) The motion requests in the alternative to transfer this action to the Southern District of Texas. For the reasons below, the motion is DENIED.

## I. BACKGROUND

1. The Court writes primarily for the parties and assumes familiarity with the allegations set forth in the Amended Complaint (D.I. 13). On October 1, 2025, Plaintiffs MPact Beverage Solutions, LLC ("MPact") and Stacked Wines, LLC ("Stacked Wines") filed their original Complaint against Defendant BuzzBallz, LLC ("BuzzBallz"). (D.I. 1.) On November 6, 2025, Plaintiffs filed their Amended Complaint. (D.I. 13.) The Amended Complaint (like the original Complaint) has one count: a request for a declaratory judgment of non-infringement of U.S. Design Patent No. D1,080,384 (the "'384 patent"). (*Id.* ¶¶ 99–104.) On November 20, 2025, Defendant filed the pending motion to dismiss. (D.I. 15.)

2. The Amended Complaint alleges the following relevant facts. On September 19, 2025, BuzzBallz, through counsel, sent MPact a demand letter accusing it of infringing the '384 patent by selling "MPact MAX High ABV Ready-To-Drink Cocktail" beverages in single-serve containers (the "Accused Containers"). (D.I. 13 ¶ 2; Ex. 2 at 2.) The demand letter set forth an "urgent[]" and "imperative" deadline of October 1, 2025, for MPact to comply with BuzzBallz's demands, after which BuzzBallz would pursue litigation. (D.I. 13 ¶ 3; Ex. 2 at 3.) The demands included "***[i]mmediately and permanently ceas[ing] and desist[ing]*** from manufacturing, using, importing, marketing, selling, and offering to sell the Infringing Containers in any jurisdiction" and "[i]dentify[ing] all parties from which MPact has purchased and/or licensed the Infringing Containers." (D.I. 13, Ex. 2 at 2 (emphasis in original).)

3. MPact has a license from Stacked Wines for the Accused Container technology, which permits MPact to make, sell, and distribute the Accused Container for its MAX High ABV Ready-To-Drink Cocktail and other ready-to-drink products. (D.I. 13 ¶ 4.) Stacked Wines also licenses the Accused Container technology to other companies. (D.I. 13 ¶¶ 19–20, 42–43.) And Stacked Wines itself makes and sells the Accused Container. (D.I. 13 ¶¶ 4, 20, 43.)

4. MPact is incorporated in Texas and has its principal place of business in Cypress, Texas; and Stacked Wines is incorporated in California and has its principal place of business in Santa Monica, California. BuzzBallz is incorporated in Delaware and has its principal place of business in Carrollton, Texas. (D.I. 13 ¶¶ 8–10.) According to the Amended Complaint, "BuzzBallz has a demonstrated history of enforcing patents either related to or in the same family as the '384 Patent against competitors before or shortly after the sale of competing containers in the United States"; the Amended Complaint cites four such lawsuits. (D.I. 13 ¶ 3.)

5. On October 1, 2025—the demand letter's deadline—Plaintiffs commenced the present declaratory judgment action. (D.I. 1.) On October 22, 2025, BuzzBallz filed an infringement suit against MPact in the Southern District of Texas. *See BuzzBallz, LLC v. MPact Beverage Sols., LLC*, No. 25-5040 (S.D. Tex. Oct. 22, 2025). In the Texas case, BuzzBallz alleges that MPact infringes the '384 patent and that its infringement is willful.

6. BuzzBallz requests that I dismiss "the declaratory judgment claim as it pertains to Stacked Wines" for lack of subject matter jurisdiction. BuzzBallz also requests that I dismiss the case in its entirety to allow the Texas case to proceed or, in the alternative, transfer this action to the Southern District of Texas. I take each argument in turn.

## II. SUBJECT MATTER JURISDICTION

7. BuzzBallz first argues that there is no case or controversy over the declaratory judgment claim "as it pertains to Stacked Wines." (D.I. 16 at 2, 9–14.) The parties apparently do not dispute that there is subject matter jurisdiction over MPact's request for a declaratory judgment that the Accused Container does not infringe BuzzBallz's '384 patent, and I agree that there is jurisdiction. So I will only address the jurisdiction question with respect to Stacked Wines' request for a declaratory judgment.

8. The Declaratory Judgment Act requires "a case of actual controversy." 28 U.S.C. § 2201(a). This "actual controversy" requirement is rooted in Article III of the Constitution, and extends jurisdiction only to matters that are Article III cases or controversies. *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007). As the Supreme Court has explained, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune,*

*Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Article III requires that the dispute be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)) (alteration original). "To establish the existence of a definite and concrete dispute, more is required than a communication from a patent owner to another party, merely identifying its patent and the other party's product line . . . . How much more is required is determined on a case-by-case analysis." *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1378–79 (Fed. Cir. 2012) (cleaned up) (internal citation omitted).

9. The Court may consider a motion under Federal Rule of Civil Procedure 12(b)(1) as either a facial or factual challenge to subject matter jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). The parties treat BuzzBallz's motion as a facial attack; they do not rely on evidence outside of the pleadings. Accordingly, I will treat this motion as a facial attack, and will "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould*, 220 F.3d at 176–78 (citing *Mortensen v. First Fed. Savs. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

10. Analyzing all of the factual allegations under all the circumstances, I conclude that there exists a substantial controversy between Stacked Wines and BuzzBallz of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. First, the Amended Complaint alleges that Stacked Wines not only designed the Accused Container and licenses the design of the Accused Container to other companies (including MPact), it also *itself* sells the Accused Containers for packaged wine and other food-and-beverage items, and even sells empty ones. (D.I. 13 ¶¶ 4, 19–20, 29–30, 42–44.) Second, the Amended Complaint alleges that

BuzzBallz sent a demand letter to MPact to "[i]mmediately and permanently cease and desist from manufacturing, using, importing, selling, and offering to sell" the Accused Containers "in any jurisdiction," at risk of "prompt legal action for patent infringement, seeking injunctive relief, monetary damages, costs, and attorneys' fees." (D.I. 13 ¶¶ 2–3; Ex. 2.) And the letter further demanded MPact to "[i]dentify all parties from which MPact has purchased and/or licensed the Infringing Containers." (D.I. 13, Ex. 2 at 2.) Third, the Amended Complaint alleges that BuzzBallz has a demonstrated history of enforcing patents related to or in the same family as the '384 patent against competitors. (D.I. 13 ¶ 3.) All of these factual allegations and circumstances demonstrate the existence of substantial controversy of sufficient immediacy and reality regarding whether Stacked Wines' manufacture and sale of the Accused Containers infringe the '384 patent. *See also SanDisk*, 480 F.3d at 1380–81 ("Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do.").

11. I reject BuzzBallz's arguments to the contrary. BuzzBallz says that "[s]imply because Stacked Wines licenses a series of patents to Mpact has no bearing on whether there is infringement of a different patent by Mpact." (D.I. 16 at 11.) That may be true, but so what? The question Plaintiffs want this Court to resolve is whether the Accused Containers sold by MPact and Stacked Wines infringe BuzzBall's patent, and this Court has jurisdiction over that question.

12. BuzzBallz contends that Stacked Wines lacks "supplier/licensor" standing. (D.I. 20 at 3.) But, again, Stacked Wines alleges that it itself sells the Accused Containers. BuzzBallz also contends that Stacked Wines does not manufacture or sell products in the ready-to-drink cocktail market. (D.I. 16 at 11–13; D.I. 20 at 4.) Maybe not, but, again, so what? BuzzBallz's '384 patent (entitled, "Beverage Container") claims "[t]he ornamental design for a beverage

container as shown and described," and Stacked Wines alleges that it sells the Accused Container for beverages.

13. Accordingly, I deny BuzzBallz's motion to dismiss for lack of subject matter jurisdiction.[1]

**III. FIRST-TO-FILE**

14. BuzzBallz next argues that the Court should decline to exercise jurisdiction over this case and should instead dismiss it in its entirety in favor of the later-filed affirmative infringement case in the Southern District of Texas.[2] I disagree.

15. I recognize that I have substantial discretion whether to entertain this suit. *See Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020) ("When one of two competing suits in a first-to-file analysis is a declaratory judgment action, district courts enjoy a 'double dose' of discretion: discretion to decline to exercise jurisdiction over a declaratory judgment action and discretion when considering and applying the first-to-file rule and its equitable exceptions."). Still, the general rule in patent cases is that "the first-filed action is preferred, even if it is declaratory, 'unless considerations of judicial and litigant economy, and the

[1] None of the relevant post-*MedImmune* authority cited by BuzzBallz directs a contrary result. *See Allied Mineral Prods., Inc. v. Osmi, Inc.*, 870 F.3d 1337, 1339–41 (Fed. Cir. 2017) (affirming district court's dismissal of case requesting declaratory judgment of noninfringement of U.S. patent where "[a]ll of [the patentee's] conduct has been directed towards [the declaratory judgment plaintiff's] customers . . . , unrelated Mexican entities, and that contact was limited to [the patentee's] Mexican Patent and potentially infringing acts in Mexico"); *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338–41 (Fed. Cir. 2008) (affirming district court's dismissal for lack of jurisdiction where patentees had "taken no affirmative actions at all related to [the declaratory judgment plaintiff's] current product"). I disagree with BuzzBallz's characterization of *Prasco*: the Federal Circuit did not require affirmative actions "toward the plaintiff" (*see* D.I. 20 at 2), but rather assessed actions *related to the product*.

[2] On January 13, 2026, the Southern District of Texas stayed proceedings in BuzzBallz's infringement case against MPact pending my decision on which the case should proceed. *BuzzBallz, LLC v. MPact Beverage Sols., LLC*, No. 25-5040 (S.D. Tex. Jan. 13, 2026) (D.I. 28).

just and effective disposition of disputes, require otherwise.'" *Id.* (quoting *Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995)). For example, a district court may consider "a party's intention to preempt another's infringement suit[,] . . . the convenience and availability of witnesses, the absence of jurisdiction over all necessary or desirable parties, and the possibility of consolidation with related litigation." *Id.* (quoting *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904–05 (Fed Cir. 2008) (marks omitted)).

16. After taking into account all of the circumstances, I conclude that this case—the first-filed case—should be allowed to proceed. Even assuming (for the sake of argument only) that Plaintiffs' complaint was "anticipatory" as that term is sometimes used in the case law,[3] other considerations weigh in favor of retaining this case. The Accused Container was designed and developed by Stacked Wines in California, and BuzzBallz does not dispute that various potential witnesses and evidence are located outside of both Texas and Delaware (nor does it provide its own list of potential witnesses or evidence residing within Texas). Furthermore, the parties do not dispute that Delaware venue is proper over BuzzBallz, a Delaware corporation.[4] And the Southern District of Texas has not decided any substantive issues related to the patent and, indeed, has stayed its case pending my decision about whether this case should proceed.

[3] *See, e.g.*, *Roku, Inc. v. AlmondNet, Inc.*, No. 21-1035, 2021 WL 5299247, at *4 (D. Del. Nov. 15, 2021); *Commc'ns Test Design*, 952 F.3d at 1363–64; *In re Amperex Tech. Ltd.*, 22-105, 2022 WL 135431, at *1–3 (Fed. Cir. Jan. 14, 2022).

[4] BuzzBallz argues that forcing BuzzBallz to litigate its claim here would "circumvent" the requirements of 28 U.S.C. § 1400(b), as BuzzBallz would not have been able to sue Plaintiffs here. (D.I. 20 at 8–10.) But the relevant question is whether venue is proper over Defendant—BuzzBallz—in the present declaratory action. The parties do not dispute that venue is proper for Plaintiffs' claims against BuzzBallz (a Delaware corporation), and BuzzBallz does not cite any authority requiring that I consider where BuzzBallz could have originally brought suit against Plaintiffs.

17. Nor is it appropriate to transfer this case under 28 U.S.C. § 1404(a). Section 1404(a) provides (in pertinent part) that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In evaluating a motion to transfer, the Court must first determine whether the case could have been brought in the district to which the movant wishes to transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). If so, the Court then considers the non-exclusive list of twelve factors set forth in *Jumara* in determining whether to transfer. Six of those interests are private in nature:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879 (internal citations omitted). The other six are public in nature:

> [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (internal citations omitted). Factor [1] is usually given "paramount consideration." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *see also Jumara*, 55 F.3d at 879 (explaining that the plaintiff's choice of venue "should not be lightly disturbed" (citations omitted)).

18. The *Jumara* factors weigh against transferring this case to the Southern District of Texas. Factor [1] is given paramount consideration and weighs against transfer. Factor [2] weighs in favor of transfer, as Defendant prefers to litigate in Texas. Factor [3] weighs in favor of transfer

because Plaintiffs do not dispute the claim arose in Texas based on MPact's allegedly infringing acts. Factor [4] weighs against transfer because, while MPact's and BuzzBallz's principal offices are in Texas, Plaintiffs prefer to litigate here, and BuzzBallz is incorporated in Delaware. Factors [5] and [8] are neutral. Factor [6] is also neutral because, though both MPact's and BuzzBallz's principal places of business are in Texas, the parties do not dispute that books and records could be electronically produced in Delaware. Factors [7], [9], [10], [11] and [12] are neutral. Having considered all of the factors, I determine that they weigh against transfer.

19. Accordingly, I will exercise my discretion to keep this declaratory judgment action, and I deny BuzzBallz's motion to dismiss, including its alternative motion to transfer.

## IV. CONCLUSION

For the reasons above, IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Jurisdiction Over the Subject Matter and for Failure to State a Claim (D.I. 15) is DENIED.

Dated: August 20, 2026

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE